UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAN E. BYLENGA,

    Plaintiff,

v.                                CASE No. 1:21-cv-943

MATTHEW J. CREHAN,        HON. ROBERT J. JONKER

    Defendant.

_____/

## ORDER OF REMAND

The matter is before the Court on Plaintiff Bylenga's Motion to Remand this removal action to State Court. (ECF No. 5). Defendant Crehan, the removing party has failed to file a response to the motion by the deadline date of December 6, 2021. Plaintiff asserts Defendant has not satisfied the procedural requirements for removal nor has he articulated a proper substantive basis for removal either. After review, the Court agrees and remands this matter to the Kent County Circuit Court.

Defendant has not satisfied the procedural requirements for removal. To properly remove a case, a defendant must file "a notice of removal . . . containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant . . . in such action." 28 U.S.C. § 1446(a). Defendant's Notice of Removal and supplemental materials include no process, pleadings, or orders. A notice of removal "shall be filed within 30 days after the receipt by the defendant . . . of a copy of the initial pleading setting forth the claim for relief upon which such action . . . is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter." 28 U.S.C. § 1446(b)

Defendant has not satisfied the 30-day requirement. Indeed, the materials attached to Plaintiff's motion (ECF No. 5) demonstrate that the matter has been litigated in State Court since 2017.

Defendant's Notice of Removal fails to demonstrate a proper substantive basis for removal as well. Diversity is not in play, and a removal based on a federal question is proper only if the federal question arises from the well-pleaded State Court complaint. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (noting under the well-pleaded complaint rule, federal question jurisdiction "exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."). A potential federal defense is not sufficient to support removal. *See Chase Manhattan Mortg. Co. v. Smith*, 507 F.3d 910, 914-15 (6th Cir. 2007) (quoting *Merrell Dow Pharmaceuticals Inc. v. Thompson*, 478 U.S. 804, 808 (1986), for the proposition that "it is well settled that federal counterclaims and defenses are 'inadequate to confer federal question jurisdiction[.]'").

**ACCORDINGLY, IT IS ORDERED** that Plaintiff's Motion to Remand (ECF No. 5) is **GRANTED. IT IS FURTHER ORDERED** that this case is **REMANDED** to the Kent County 63rd District Court.

Dated:   December 10, 2021            /s/ Robert J. Jonker
                                      ROBERT J. JONKER
                                      CHIEF UNITED STATES DISTRICT JUDGE